IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN RANDALL FUTCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1043-HE |
| | ) | |
| PAUL A. KASTNER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, brings suit pursuant to 28 U.S.C. § 2241 challenging a disciplinary conviction he received while housed at the United States Penitentiary (USP) Atlanta. Docs. 1, 11. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases,[1] the undersigned has examined the petition and recommends that the court dismiss it on filing.

I.  **Background.**

Petitioner alleges that officials at USP Atlanta convicted him of a disciplinary infraction, and that he was transferred to the Federal Transfer

---

[1] A district court may apply Rule 4 to actions arising under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts.

Center (FTC) in Oklahoma City, Oklahoma before he received the Bureau of Prisons (BOP) Regional Director's response to his appeal. Doc. 1, at 1-2. Petitioner states that the appeal "is futile," but then contradictorily requests an order that "he [be] allowed adequate time to appeal." *Id.* at 3, 4. In a motion to supplement, Petitioner clarifies that he is challenging the disciplinary conviction's legality. Doc. 11. Shortly after Petitioner filed his suit, the BOP transferred him to the Federal Correctional Institution (FCI) Big Spring, in Big Spring, Texas. Doc. 7.

On November 5, 2014, Petitioner informed the court that he had been able to file his "final administrative remedy" and moved this Court to stay the proceedings "until the Central Office makes a decision on December 28, 2014." Doc. 16.

## II. Petitioner's lack of exhaustion.

According to the Tenth Circuit, "[t]he exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The exception is narrow, and exists only if "a petitioner can demonstrate that exhaustion is futile." *Id.*

Petitioner openly acknowledges that he has not completed the BOP exhaustion process, and is in fact still waiting for a final ruling on his disciplinary appeal. So, his § 2241 petition is unexhausted. *See, e.g.,*

2

*Strickland v. Wilson*, 399 F. App'x 391, 396 (10th Cir. 2010) (holding that petitioner "had not exhausted" his remedies "at the time he filed the instant petition" where he brought his § 2241 petition while remedies were still pending). And, while Petitioner noted his belief that "the matter is futile," Doc. 1, at 3, he has since received a response from the BOP Regional Director and has filed a final administrative appeal. Doc. 16. This demonstrates that Petitioner's attempt at exhaustion is *not* futile, and the undersigned finds that his mere reference to futility is insufficient to warrant excusing administrative exhaustion at this time. *See Brown v. Wands*, 463 F. App'x 806, 808 (10th Cir. 2012) (affirming the district court's dismissal of petitioner's § 2241 suit where petitioner had not completed the BOP's exhaustion process before bringing suit and his allegations of futility were insufficient because he had "not pointed to any administrative rule under which he will categorically be denied relief in the grievance process").

### III. The petition's disposition.

Having found Plaintiff has not exhausted his administrative remedies, the court must decide whether to dismiss the action or, as Petitioner requests, to stay the proceedings. The undersigned recommends that the court dismiss the petition.

In limited circumstances, the court has discretion to stay an unexhausted habeas petition to allow a petitioner to finish the exhaustion

3

process. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005); *see also Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) ("[W]e conclude that the district court had discretion to consider a *Rhines* stay even though petitioner filed [a wholly unexhausted] petition."); *Sines v. Caley*, 563 F. App'x 631, 634 (10th Cir. 2014) (applying *Rhines* to a case involving an administratively unexhausted § 2241 petition). But such a remedy is only available in "limited circumstances" and is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first . . . ." 544 U.S. at 277.

Petitioner filed his petition before finishing the exhaustion process based on his speculation that his transfer would prevent him from receiving the BOP Regional Director's response, and would thus deprive him of his final appeal. That did not happen, and the undersigned finds that Petitioner's speculation is not good cause warranting a stay in these proceedings. So, the undersigned recommends that the court dismiss, rather than stay, the petition based on Petitioner's current place of confinement.

As noted above, Petitioner's disciplinary conviction did not occur in Oklahoma and he is no longer housed in Oklahoma. So, if Petitioner eventually seeks prospective injunctive relief, the FTC Warden would be powerless to effect any relief this Court might order. *See Griffin v. Kastner*, 507 F. App'x 801, 802 (10th Cir. 2013) (holding that because petitioner had

been transferred from the FTC to another federal prison: "FTC warden Paul Kastner no longer has custody of Mr. Griffin and is therefore powerless to provide any relief the district court might order."); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner seems to understand this, as he has twice recommended that the court consider transferring this action to the Northern District of Texas. Docs. 15, 16.

For these reasons, the undersigned recommends that the court dismiss, rather than stay, the petition. Dismissal should be without prejudice, and if Petitioner wishes to seek relief after the Central Office has ruled on his appeal, Petitioner can file suit in his requested forum.

### IV. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned recommends that the court dismiss Petitioner's unexhausted § 2241 petition without prejudice. The court's adoption of this recommendation would moot Petitioner's motions to stay the proceedings and requests for consideration of transfer. *Id.*

The undersigned advises Petitioner that he has until December 22, 2014, in which to exercise his right to file an objection to this report and recommendation with the Clerk of this Court, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to timely object to this report and recommendation

waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of the Court is instructed to electronically forward a copy of this report and recommendation to the United States Attorney for the Western District of Oklahoma.

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 2nd day of December, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE